**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

DANNY LEWIS                                                                                            PLAINTIFF
ADC #86528

V.                                          NO: 4:12CV00208 JMM/HDY

DOC HOLLADAY *et al.*                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Danny Lewis, an inmate at the Randall Williams Correctional Facility of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on April 5, 2012, alleging that a nurse gave him the wrong medication at the Pulaski County Regional Detention Facility on March 2, 2011. On February 13, 2013, Defendants Doc Holladay and Sarah Speer filed a motion for summary judgment, statement of facts, and a brief in support (docket entries #55-#57). On February 27, 2013, Plaintiff filed what was docketed as a response (docket entry #59). Because Plaintiff, in his response, questioned whether he needed to file a response or wait for a hearing, the Court entered an order cancelling the then scheduled hearing, and providing Plaintiff with additional time to respond (docket entry #60). Plaintiff filed a response on April 3, 2013 (docket entry #61).

## **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants assert that Plaintiff's claims against them should be dismissed because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit.  Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).  The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory."  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their claim that Plaintiff failed to exhaust his administrative remedies, Defendants have provided the affidavit of Sgt. Nancy Brawley, the grievance officer for the Pulaski County Sheriff's Office (docket entry #56-1).  According to Brawley, Plaintiff's grievance

complaining that a nurse gave him the wrong medication is a grievable issue under the grievance policy. Brawley also attached a copy of Plaintiff's March 2, 2011, grievance. The grievance documents indicate that Plaintiff received a response on March 11, 2011, but did not appeal further. According to Brawley's affidavit, to complete the grievance process, an inmate must appeal the initial decision to the Chief of Detention within 10 days of the initial response, and Plaintiff failed to do so. Plaintiff has offered nothing in any response to contradict Brawley's claims. In fact, in an earlier filing (docket entry #45), Plaintiff indicated that he did not pursue his appeals because the "damage had already been done." However, even if there is no effective remedy Plaintiff is still required to exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion required even when remedies not effective or relief not available).[1]

No material facts are in dispute, and it is clear that Plaintiff did not exhaust his available remedies before he filed this lawsuit. Accordingly, Defendants' motion for summary judgment should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Doc Holladay and Sarah Speer (docket entry #55) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

---

[1] Judge Moody has already dismissed Plaintiff's claims against former Defendant Barbara Hamilton based on Plaintiff's failure to exhaust his administrative remedies prior to filing his lawsuit (docket entries #47-#48 & #50).

4

DATED this __8__ day of April, 2013.

*/s/ H. D.*

_____
UNITED STATES MAGISTRATE JUDGE